BEST STEEL CASTINGS CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 8326.    Promulgated February 19, 1927.

*W. W. Spalding, Esq.*, for the petitioner.
*Geo. G. Witter, Esq.*, for the respondent.

This is a proceeding for the redetermination of a deficiency in income and profits taxes for the year 1919 in the amount of $15,311.53. The petitioner alleges error on the part of the Commissioner (1) in computing invested capital for the taxable year 1919 by reason of the fact that he reduced the current earnings available for the payment of dividends by $48,397.07, representing the tentative tax liability for 1919, as computed by the Commissioner, and that, as a result of this computation, the invested capital has been reduced by $28,263.24 on account of the dividend paid on April 21, 1919, in excess of the alleged current earnings to that date, and (2) by reason of the fact that the Commissioner in computing the petitioner's invested capital erroneously deducted from invested capital at the beginning of the taxable year $117,795.77 on account of income and profits taxes of the preceding year, thereby erroneously reducing its profits-tax credit and erroneously increasing its tax liability for such taxable year in the approximate amount of $7,500.

### FINDINGS OF FACT.

The petitioner is a California corporation with its principal office in San Francisco.

The available earnings of the petitioner for the year 1919 as computed by the Commissioner were $153,068.38. Out of these earnings a dividend of $72,000 was paid on April 21, 1919. In computing what portion of the net earnings of $153,068.38 was available for the payment of the dividend of $72,000 on April 21, 1919, the Commissioner deducted from the net earnings of $153,068.38 the amount of $48,397.09, which the Commissioner alleged was the tentative tax liability for the year 1919, and used the balance, or $104,671.29, as the amount of earnings available for the payment of dividends. The excess of the dividend over the amount of available earnings up to April 21, 1919, as computed by the Commissioner, was then prorated and the prorated amount of $28,263.24 was deducted from invested capital.

In computing the petitioner's invested capital for the year 1919 the Commissioner deducted from invested capital at the beginning of the taxable year $117,795.77 on account of income and profits taxes

of a preceding year prorated from the dates the payments became due, thus reducing its profits-tax credit and increasing its tax liability for the taxable year in the approximate amount of $7,500.

## OPINION.

SMITH: It must be held that the Commissioner was in error in reducing the amount of earnings available for the payment of the dividend on April 21, 1919, by the amount of a tentative tax payable for the year 1919. *Appeal of L. S. Ayers & Co.*, 1 B. T. A. 1135.

The second point raised by the petitioner based upon the decision of the Board in the *Appeal of Guarantee Construction Co.*, 2 B. T. A. 1145, is now ruled adversely to the petitioner by section 1207 of the Revenue Act of 1926. See *Appeal of Russel Wheel & Foundry Co.*, 3 B. T. A. 1168.

> *Judgment will be entered on 15 days' notice, under Rule 50.*